## Commonwealth ex rel. v. Grove

*Armin H. Friedman*, for prosecutrix.
*Daniel A. Moritz*, for defendant.

McKim, P. J., April 30, 1940.—This matter is before the court en banc on exceptions to an order of court dismissing prosecutrix's information against defendant for support.

The alleged marriage—the basis upon which the information was made and the support demanded—is an alleged common-law marriage between an aunt and a nephew. The question before the court en banc is whether a common-law marriage can be established between an aunt and a nephew which will warrant the court in mak-

ing an order against defendant for support under the Act of April 13, 1867, P. L. 78.

The Criminal Code of March 31, 1860, P. L. 382, sec. 39, makes it a criminal offense for persons of the degree of consanguinity of aunt and nephew to intermarry and also provides that "a man may not marry his father's sister; a man may not marry his mother's sister." The act further provides that such attempted marriages are declared void.

The bases of a common-law marriage are: (1) An agreement or contract to enter into the marriage relation per verba de præsenti; (2) that the parties entering into this agreement are under no disability to perform the marriage relation; and (3) a consummation of such agreement by an actual cohabitation as man and wife.

In the instant case there could be no contract between prosecutrix and defendant to enter into the marriage relation because the law specifically prohibits the intermarriage of persons within the degree of consanguinity of aunt and nephew. The alleged common-law marriage, under the facts herein, was void ab initio and proof of cohabitation as man and wife would not validate the alleged union.

We, therefore, have the undisputed facts: (1) An attempt to enter into an illegal agreement of marriage; (2) the parties, under the Criminal Code, supra, are not competent to intermarry; and (3) that such attempted marriage is declared by the Criminal Code to be absolutely void.

It is contended by counsel for prosecutrix that a marriage as alleged by prosecutrix is not void, but voidable, and that defendant, before he can defend on the question of an illegal marriage, must have the marriage annulled by the proper authorities. In our opinion, there is no merit to this contention.

Under the Act of 1867, supra, before an alleged wife can procure an order from her alleged husband for support she must prove a valid subsisting marriage. Failure

to do this would invalidate her claim for support. A defendant in the desertion and nonsupport court, under the Act of 1867, supra, can set up a defense of a void or voidable marriage against any claim for support against him: Commonwealth v. Meixelsberger, 71 Pitts. 949; Commonwealth ex rel. v. Wise, 37 D. & C. 217, 219; Commonwealth v. Natale, 11 Westm. 3.

For the reasons herein stated, we are of the opinion that the exceptions filed to the order of court dismissing the information against defendant for support should be dismissed.